UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMOND DUNBAR | CIVIL ACTION |
| VERSUS | NO: 13-6451 |
| NEW ORLEANS POLICE DEPARTMENT, ET AL. | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. #24) is **DENIED**.

## BACKGROUND

Plaintiff, Tamond Dunbar, a Louisiana state inmate, filed this action on October 31, 2013, against the New Orleans Police Department, and officers Roy Shackelford, Jon Burnette, Max Schuler, Ron Zoller, Steve Roshto and Eugene Cummings, alleging claims under 42 U.S.C. § 1983 for violations of his Fourth Amendment right to be free from excessive force.  Specifically, Dunbar alleges that on February 22, 2013, the officers approached him and his wife claiming that they fit the description of armed robbery suspects.  Dunbar claims that he was detained, "beaten and tazed in the face twice by the officers."  He also claims that the victims of the robbery stated that he was not the perpetrator, but that he was arrested for distribution of marijuana.  Dunbar seeks damages for pain and suffering, hospital bills, false imprisonment, and emotional distress.

On April 9, 2014, Burnette, Cummings, Roshto, Schuler and Shackelford filed a motion to dismiss Dunbar's complaint arguing that he did not state a claim for a constitutional violation, thus the court lacks subject matter jurisdiction.[1]  The court's record indicates that the motion was mailed to Dunbar at his current address.  Dunbar has not filed an opposition to the motion.

---

[1] This court dismissed Dunbar's claims against the NOPD because it is an entity that does not have the capacity to be sued (Docs. #14, 23).

## ANALYSIS

**A.     Pro Se**

Because plaintiff is proceeding pro se, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

**B.     Rule 12(b) of the Federal Rules of Civil Procedure**

    **1.   Rule 12(b)(1)**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001).  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

    **2.   Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when

the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).

C.     **Rule 8(a)(2) of the Federal Rules of Civil Procedure**

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Further, if a complaint alleges facts upon which relief can be granted, the form is not important, even if it does not correctly categorize the legal theory giving rise to the claim. Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981)).

In this case, Dunbar sufficiently pleaded enough to invoke this court's federal question jurisdiction under 28 U.S.C. § 1331 by stating a § 1983 claim for violations of his Fourth Amendment right to be free from excessive force. Dunbar stated that the police beat him and tazed him in the face during an arrest. This is enough to put the defendants on notice that Dunbar is stating a claim for excessive force. Dunbar is proceeding pro se, and his pleadings his pleadings are construed liberally. Therefore, defendant's motion to dismiss is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. #24) is **DENIED**.

New Orleans, Louisiana, this  9th   day of June, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**