UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMOND DUNBAR                                                    CIVIL ACTION

VERSUS                                                          NUMBER: 13-6451

N.O.P.D. (NEW ORLEANS POLICE                                    SECTION: "S"(5)
DEPARTMENT), ET AL.

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Tamond Dunbar, against Defendants, the New Orleans Police Department ("NOPD") and six of its officers, Roy Shackelford, Ron Zoller, Jon Burnette, Max Schuler, Steve Roshto, and Eugene Cummings. [1]

Plaintiff is an inmate of the Winn Correctional Center, Winnfield, Louisiana, who was incarcerated at the Orleans Parish Prison at the time that suit was filed. (Rec. docs. 18; 1, p. 2). By way of the original and amended complaints on file herein, Plaintiff alleges that on February 22, 2013, he and a female acquaintance were approached by Officers Shackelford and Zoller and were told that they fit the description of two armed robbery suspects, whereupon Plaintiff was tasered in the face and was beaten by those two officers as well as

_____

[1] The NOPD was previously dismissed from this case as it is an entity that is incapable of being sued under §1983. (Rec. docs. 23, 14).

Officers Burnette and Schuler. [2]  A short time later, the victims of the armed robbery were brought to the scene who advised the officers that Plaintiff and his acquaintance were not the perpetrators of that crime.  Plaintiff was then arrested and was charged with possession with the intent to distribute marijuana and resisting an officer.  (Rec. docs. 6, pp. 5-6; 7, pp. 4-5).  Subsequent to his arrest, Plaintiff states that he was transported to the hospital where he was treated for his wounds.  On January 15, 2014, Plaintiff, through counsel, entered a "no contest" plea to possession of marijuana, second offense, and to resisting an officer under LSA-R.S. 14:108, whereupon he was sentenced to six years as to the drug count and credit for time served on the resisting count.[3]  The State then filed a bill of information accusing Plaintiff of being a second felony offender under LSA-R.S. 15:529.1. Upon his guilty plea thereto, the six year sentence on the drug charge was vacated and a sentence of like length at hard labor was imposed under R.S. 15:529.1.[4]  In his prayer for relief, Plaintiff seeks the dismissal of the charges that were lodged against him, the expungement of his criminal record, and four million dollars in damages.  (Rec. doc. 7, p. 5).

Plaintiff has instituted suit herein *in forma pauperis* pursuant to 28 U.S.C. §1915.  A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be

---

[2] What Officers Roshto and Cummings had to do with Plaintiff's arrest is not reflected by his pleadings.
[3] *See* case No. 515-566 "H" on the docket of the Orleans Parish Criminal District Court.
[4] *Id*.

granted.   28 U.S.C. §1915(e)(2)(B)(ii).   *See also* 28 U.S.C. §1915A(b)(1), §1915(b)(1), 42

U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of

the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a

claim upon which relief can be granted.

   Plaintiff's §1983 claim for monetary damages must be analyzed against the

backdrop of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and its progeny.  In

*Heck*, the Supreme Court held that ". . .in order to recover damages for allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254.  A

claim for damages bearing that relationship to a conviction or sentence that has not been

so invalidated is not cognizable under §1983." *Id.* at 486-87, 114 S.Ct. at 2372.  In the wake

of *Heck*, the Fifth Circuit has held that a Louisiana conviction for battery of an officer

prevents a plaintiff from suing for excessive force in connection with the incident because if

the plaintiff prevails on his excessive force claim he would essentially be proving that his

battery was justified, which would undermine his conviction.  *Hudson v. Hughes*, 98 F.3d

868, 873 (5th Cir. 1996).  The teachings of *Hudson* have been followed in this District, *King v.

City of Pearl River*, No. 08-CV-4708, 2010 WL 2651645 at *2 (E.D. La. June 28,

2010)(Lemmon, J.), and its rationale has been applied by the Fifth Circuit to §1983

excessive force claims where the plaintiff was convicted of resisting an officer.  *Arnold v.*

*Town of Slaughter*, 100 Fed.Appx. 321, 323-25 (5th Cir.), *cert. denied*, 543 U.S. 966, 125 S.Ct. 429 (2004).  *See also, Hainze v. Richrds*, 207 F.3d 795 (5th Cir.), *cert. denied*, 531 U.S. 959, 121 S.Ct. 384 (2000); *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999).

Just like the plaintiff in *King*, Plaintiff in the instant case denies having used any force against the officers and claims that the alleged use of excessive force against him occurred immediately prior to his arrest.  *King*, 2010 WL 2651645 at *2.  Accordingly, Plaintiff's §1983 request for compensatory damages is barred by *Heck* and should be dismissed under §1915(e)(2)(B)(i) and (ii).  *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994); *Daniels v. Franklinton Police Dept.*, No. 11-CV-0044, 2011 WL 802627 (E.D. La. Jan. 25, 2011), *adopted*, 2011 WL 794408 (E.D. La. Feb. 25, 2011).  Any claims for equitable relief raised by Plaintiff's complaint should be pursued through state and federal post-conviction proceedings.  *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 n.1 (5th Cir. 1988).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this <u>11th</u> day of <u>July</u>, 2014.

 

 

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE